**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 17, 2009

Paul W. Nolan Esq.
Thurow & Nolan, P.A.
P.O. Box 512
Phoenix, MD 21131

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Rose Mary Stelmack v. Michael J. Astrue, Commissioner of Social Security, PWG-07-2865**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Stelmack's claim for Disability Insurance Benefits ("DIB"). (Paper Nos. 9, 16, 21). Plaintiff also filed a Response in Opposition to Defendant's Motion. (Paper No. 26). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Ms. Stelmack ("Claimant") applied for DIB on July 30, 2004, alleging that she was disabled as of October 1, 1998, due to chronic liver disease, hepatitis, diabetes mellitus, memory loss, and arthritis. (Tr. 13, 58, 87). Her claim was denied initially, and upon reconsideration. (Tr. 51-59). At her request a hearing was held before an Administrative Law Judge("ALJ"), the Honorable Robert W. Young, on April 24, 2006. (Tr. 25-50). After the hearing, the ALJ denied Ms. Stelmack's claim and concluded in a January 27, 2007 decision that her liver disease(chronic hepatitis C) was a severe medically determinable impairment, but that it did not meet or medically equal any of the listed impairments ("The

Listings") contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-17). The ALJ then determined that Ms. Stelmack retained the residual functional capacity ("RFC") to perform a range of "light work"[1] but that she was incapable of performing any of her past relevant work("PRW").(Tr. 18). Based upon the testimony from a vocational expert ("VE"), the ALJ found there were jobs in the national and local economies, existing in substantial numbers, which Claimant could perform. Accordingly, the ALJ found that Ms. Stelmack was not disabled. (Tr. 13-19).

On October 17, 2007, the Appeals Council denied Ms. Stelmack's request for review, making her case ready for judicial review. (Tr. 4-6). Claimant alleges that the ALJ made one error. As explained below, I conclude that the ALJ's decision is not supported by substantial evidence and therefore will DENY the Commissioner's Motion and will REMAND the Plaintiff's case for further proceedings consistent with this memorandum.

Claimant argues that the ALJ erred at step three of the sequential evaluation in failing to find that she met Listing 5.05. The Commissioner responds that although she met Listing 5.05(F)(2) for a period of 10 months, the ALJ properly found that Ms. Stelmack did not qualify for benefits since she did not establish that she met the listing for a 12 month period as was required. *See* Defendant's Memorandum pp. 19-11.

After careful review of the entire record, however, I find that the ALJ failed to apply the appropriate standard concerning digestive disorders[2].

The version of Listing 5.05 in effect at the time of the ALJ's decision[3] required:

Chronic liver disease (e.g. portal, postnecrotic, or

---

[1] In his written decision the ALJ found that Ms. Stelmack's capacity for light work was diminished by the following: she could "no more than occasionally climb, balance, stoop, kneel, crouch or crawl." (Tr. 17).

[2] Although this error alone require remand, the issue regarding which of Ms. Stelmack's additional alleged impairments are severe also requires further explanation.

[3] Listing 5.05 was revised effective December 18, 2007. 72 Fed. Reg. 59398(October 19, 2007).

2

    biliary cirrhosis, chronic active hepatitis, Wilson's disease). With:

        C. Serum bilirubin of 2.5 mg per deciliter (100ml) or greater persisting on repeated examinations **for at least 5 months**: or

        F. Confirmation of **chronic liver disease** by liver biopsy obtained independent of Social Security disability evaluation) and one of the following:

        2. Serum bilirubin of 2.5 mg per deciliter(100ml) or greater on repeated examinations **for at least 3 months**.(emphasis added).

It is undisputed that Claimant met section F(2) from January 1999 through October 1999. (Tr. 16).  However the ALJ found that although she met the Listing from the end of January 1999 to the start of October 1999, she did not meet the listing at the time she was last insured (December 31, 1999) or thereafter.(Tr. 17).  The Commissioner argues that the 10 month period during which she met the Listing was not sufficient because she was required to have bilirubin counts of 2.5 or greater for a continuous 12 month period in order to qualify for benefits.  However, that simply is not what the Listing in effect at the time of the ALJ's decision required. Rather, section F.2 of the Listing, as set forth above, only required a biopsy and lab findings bilirubin of 2.5 or greater for a period of at least 3 months.  When considering the Listing for chronic liver disease, the ALJ is required to consider the lab values for periods of three and/or five months. *Rosario v. Apfel*, 85 F. Supp. 2d 62, 66 (D. Mass. 2000).  In this case, it appears Ms. Stelmack also meets the more stringent requirement of section C of Listing 5.05 which required a bilirubin of 2.5 or greater for a period of 5 months.

    The Introductory section of digestive disorders also supports a finding that Ms. Stelmack met the Listing at the time of her date last insured, i.e., December 1999. In pertinent part, the Introduction states "complications must be shown to persist on repeated examinations despite therapy for a reasonable presumption to be made that a marked impairment will last for a continuous period of at least 12 months." 20 CFR Pt. 404 Subpt. P, App. 1 (as of April 1, 2007)[4].  It is important to note that Ms. Stelmack

---

    [4] The Introduction section of the new revised listing acknowledges that chronic viral hepatitis infections are "slowly progressive disorders that **persist over many years** during which

continued to suffer and still suffers from serious liver disease, and according to her records, was on the liver transplant list as early as 1999 and remained there through 2006.  In 2006 it was noted that she had end stage chronic liver disease and hepatocellular carcinoma. Therefore it is not only reasonable to presume that her impairment lasted 12 months, there is substantial medical evidence that indeed it did. (Tr. 38, 408)

Even if I were to assume that the ALJ did not err in finding that Ms. Stelmack did not meet Listing 5.05, I still am not able to say the ALJ's decision is supported substantial evidence since there is evidence of other impairments that was not discussed by the ALJ at step two.

For example, Ms. Stelmack suffered from diabetes mellitus, and obesity[5].  On her application for benefits she clearly listed these impairments and more importantly, there are numerous references throughout her medical records regarding these additional diagnoses and the treatments she received for them. Yet the ALJ did not discuss whether these alleged impairments were severe at step two of the sequential evaluation.  (Tr. 51, 116, 125, 133, 137, 140, 144, 185, 280).  The Claimant testified that due to her diabetes she has vision problems, takes glucophage and that her interferon treatments resulted in memory loss. (Tr. 39-40). The ALJ does not discuss whether, or how, he considered this evidence in his decision. This is improper.

At step two of the sequential evaluation, the process involves a determination of whether the claimant has a severe impairment or combination of impairments. The applicable regulation, in pertinent part, states:

> An impairment is not severe if it does not significantly limit your physical or mental ability to do basic work activities." "Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs," including:
> (1) Physical functions such as walking, standing,

---

the symptoms and signs are typically nonspecific intermittent and mild." 20 CFR Pt. 404 Subpt. P, App. 1 (as of April 1, 2008)(emphasis added).

[5] Her medical records also show that Claimant was diagnosed and treated for depression in September 1998 related to interferon treatment. (Tr. 140).

4

    sitting, lifting, pushing, pulling, reaching, carrying, or handling;
    (2) Capacities for **seeing**, hearing, and speaking;
    (3) Understanding, carrying out, and **remembering** simple instructions;
    (4) Use of judgment;
    (5) responding appropriately to supervision, co-workers and usual work situations; and
    (6) Dealing with changes in a routine work setting.

    20 CFR §404.1521(b)(emphasis added).

A significant limitation of a claimant's ability to do basic work activities is not to be viewed solely in medical terms, but also in functional terms. *Cottrill v. Apfel* 102 F. Supp.2d 627, 634 (D. Md. 2000) citing *Jones v. Schweiker,* 551 F.Supp. 205, 208 (D. Md. 1982).  In sum, there is evidence in this case which leads to the conclusion that Claimant had other possibly severe impairment(s) but this evidence was not considered, or if considered, not discussed by the ALJ.  These errors at step two inevitably infect the analysis at the subsequent steps including steps four and five. *See Brown v. Barnhart*, 182 Fed. Appx. 771, 774(10th Cir. 2006)(ALJ's failure to properly consider fibromyalgia at step two impaired analysis at subsequent steps).  The Court therefore finds that the ALJ failed to evaluate adequately the relevant evidence in the record that may have had a bearing on the determination of Claimant's entitlement to disability benefits.  Accordingly, I am remanding this case to the Agency for further consideration.

    Thus, for the reasons given, this Court DENIES the Commissioner's Motion for Summary Judgment and GRANTS Claimant's Alternative Motion for remand.  A separate Order shall issue.

                                              Sincerely,

                                              ____/s/_____
                                              Paul W. Grimm
                                              United States Magistrate Judge

Dated: 9/17/09