**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 16, 2010

Paul W. Nolan Esq.
Thurow & Nolan, P.A.
P.O. Box 512
Phoenix, MD 21131

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Rose Mary Stelmack v. Michael J. Astrue, Commissioner of Social Security, PWG-07-2865**

Dear Counsel:

On September 17, 2009, this Court entered an Order partially granting Plaintiff's Motion for Summary Judgment, vacating the Commissioner's final decision and remanding the case to the Commissioner for further proceedings.(Paper Nos. 27,28). Plaintiff filed a Motion to Alter Judgment requesting clarification of the Court's Order. (Paper No. 31). Specifically, she is requesting that the Court Order a remand of this case solely for the purposes of computation and payment of benefits. The Defendant filed an Opposition and Plaintiff filed a Reply.(Paper Nos. 33,34).

For the reasons that follow, this Court GRANTS the Plaintiff's Motion to Alter Judgment and Remands this case solely for the computation and payment of benefits.

Ms. Stelmack ("Claimant") applied for DIB on July 30, 2004, alleging that she was disabled as of October 1, 1998, due to chronic liver disease, hepatitis, diabetes mellitus, memory loss, and arthritis.  (Tr. 13, 58, 87).  At her request a hearing was held before an Administrative Law Judge("ALJ"), the Honorable Robert W. Young, on April 24, 2006. (Tr. 25-50).  After the hearing, the ALJ denied Ms. Stelmack's claim and concluded in a January 27, 2007 decision that her liver disease(chronic hepatitis C) was a severe medically determinable impairment, but that it did not meet or medically equal any of the listed impairments ("The Listings") contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-17).  In her Motion for Summary Judgment, Claimant argued

that the ALJ erred at step three of the sequential evaluation in failing to find that she met Listing 5.05.  The Commissioner responded that although she met Listing 5.05(F)(2) for a period of 10 months, the ALJ properly found that Ms. Stelmack did not qualify for benefits since she did not establish that she met the listing for a 12 month period as was required. *See* Defendant's Memorandum, pp. 9-11.(Paper No. 21).

After careful review of the entire record, however, I found that the ALJ failed to apply the appropriate standard concerning digestive disorders[1].  The version of Listing 5.05 in effect at the time of the ALJ's decision[2] required:

> Chronic liver disease (e.g. portal, postnecrotic, or biliary cirrhosis, chronic active hepatitis, Wilson's disease). With:
>     C. Serum bilirubin of 2.5 mg per deciliter (100ml) or greater persisting on repeated examinations **for at least 5 months**: or
>     F. Confirmation of **chronic liver disease** by liver biopsy obtained independent of Social Security disability evaluation) and one of the following:
>     2. Serum bilirubin of 2.5 mg per deciliter(100ml) or greater on repeated examinations **for at least 3 months**.(emphasis added).

It was undisputed that Claimant met section F(2) from January 1999 through October 1999. (Tr. 16). It was also undisputed that the Old Listing 5.05 applied in this case. *See* Defendant's Mem., p.8. (Paper No. 21).  However the ALJ found that although she met the Listing from the end of January 1999 to the start of October 1999, she did not meet the listing at the time she was last insured (December 31, 1999) or thereafter.(Tr. 17).

On appeal, the Commissioner argued that the 10 month period during which Ms. Stelmack met the Listing was not sufficient because she was required to have bilirubin counts of 2.5 or greater for a continuous 12 month period in order to qualify for benefits. However, that simply is not what the Listing in effect at the time

---

[1]Although this error alone required a remand, the undersigned also found that the issue regarding which of Ms. Stelmack's additional alleged impairments were severe required further explanation.

[2]Listing 5.05 was revised effective December 18, 2007. 72 Fed. Reg. 59398(October 19, 2007).

of the ALJ's decision required. Rather, section F.2 of the Listing, set forth above, only required a biopsy and lab findings of bilirubin of 2.5 or greater for a period of at least 3 months. When considering the Listing for chronic liver disease, the ALJ is required to consider the lab values for periods of three and/or five months. *Rosario v. Apfel,* 85 F. Supp. 2d 62, 66 (D. Mass. 2000). The evidence shows that Ms. Stelmack also met the more stringent requirement of section C of Listing 5.05 which required a bilirubin of 2.5 or greater for a period of 5 months.

If the plaintiff meets the listing, the claimant is *per se* disabled and entitled to benefits. I agree with Claimant that a remand here would serve no purpose. The Court has reviewed the evidence of record, and determined that there was substantial evidence that plaintiff meets Listing 5.05. Generally, a reversal with remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards. This court, however, may reverse the ALJ's determination of non-disabled and remand the case for an entry of an order awarding disability benefits where the Commissioner has already considered the essential evidence and the cumulative effect of the evidence clearly establishes disability. *Marshall v. Sullivan*, 914 F.2d 248 (4th Cir. 1990) (unpublished) (reversing and remanding for an award of benefits pursuant to the statutory authority of 42 U.S.C. § 405(g) because of misapplication of the law); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987); *Coleman v. Weinberger*, 538 F.2d 1045 (4th Cir. 1976) (reversing and remanding for an award of benefits because the only substantial evidence demonstrated that claimant was disabled). *See also*, *e.g.*, *Anderson v. Sullivan*, 908 F.2d 966 (4th Cir. 1990); *Perkins v. Sullivan*, 902 F.2d 29 (4th Cir. 1990); *Luckey v. U.S. Dep't of Health & Human Servs.*, 878 F.2d 1430 (4th Cir. 1989); *Miller v. Bowen*, 877 F.2d 60 (4th Cir. 1989); *Lewis v. Bowen*, 823 F.2d 813 (4th Cir. 1987) (unpublished opinions reversing and remanding solely for award of benefits).

Accordingly, this Court **REMANDS** this case to the Commissioner pursuant to 42 U.S.C. § 405(g) to the Commissioner of Social Security for the calculation and award of DIB benefits from January 1, 1999, and to take any other necessary action to implement the Memorandum Opinion issued by the Court on September 17, 2009. A separate Order shall issue.

                                      Sincerely,

                                      _____/s/_____
                                      Paul W. Grimm
                                      United States Magistrate Judge

Dated: 3/16/10